# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**313**

**CAF 11-00708**

PRESENT: SCUDDER, P.J., SMITH, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF JOHN B. AND SHAWN B.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,                MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JULIE W., RESPONDENT-APPELLANT.

---

ALAN BIRNHOLZ, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR JOHN B.
AND SHAWN B.

---

     Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered March 17, 2011 in a proceeding pursuant to
Social Services Law § 384-b.  The order, among other things,
transferred custody and guardianship of the subject children to
petitioner.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum:  Respondent mother appeals from an order terminating
her parental rights with respect to her twin sons.  We affirm.
Contrary to the mother's contention, petitioner established by clear
and convincing evidence that she was physically able to plan for the
future of her children but failed to do so (*see* Social Services Law §
384-b [7] [a]).  Petitioner established that, during the first year in
which the children were in foster care, the mother attended 31 of the
52 visits that were scheduled.  We note that some of the visits did
not occur because petitioner cancelled the visit due to a lack of
proper hygiene on the part of the mother when she appeared, or because
the mother had a fever.  Visits were suspended one year before the
permanent neglect petition was filed, after the mother reported having
a fever, until such time as the mother provided medical documentation
that she did not have a contagious illness.  The mother failed to
provide that documentation.  Although the mother complained that she
had pain in various areas of her body and that she sometimes had
fevers, she failed to pursue medical treatment for her ailments
despite petitioner's recommendation that she do so.  The mother
testified that she was unable to complete the required programs for
parenting classes, substance abuse and mental health treatment because

she suffered from depression and thereafter developed a variety of serious physical illnesses.  The Court of Appeals has concluded, however, that a mental health diagnosis is not sufficient to establish a lack of physical ability to plan for the future of the children (*see Matter of Hime Y.*, 52 NY2d 242, 250-251), and the mother otherwise failed to provide evidence to substantiate her alleged physical illnesses in order to refute petitioner's evidence that she was physically able to plan for the future of her children.

Entered:  March 16, 2012                    Frances E. Cafarell
                                            Clerk of the Court